UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARCUS CRAWFORD, a/k/a MARKUS CRAWFORD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 12-CV-1407 |
| ASSISTANT WARDEN WILLIAMAN and DR. TWEEDY, | ) ) ) ) |
| Defendants. | ) |

**OPINION**

This case is before the court for ruling following a merit review hearing held on September 5, 2013.  Following the merit review hearing, this court learned that Plaintiff has accumulated seven strikes in the Southern District of Illinois.  This court therefore concludes that Plaintiff cannot proceed in forma pauperis in this case and the full filing fee of $350.00 is due immediately.  If the full filing fee is not paid by October 4, 2013, this case will be dismissed.

BACKGROUND

On October 9, 2012, Plaintiff, Marcus Crawford,[1] filed a pro se Complaint (#1) in the Central District of Illinois, Peoria Division.  Because his claims stemmed from incidents alleged to have occurred at the Danville Correctional Center, the case was transferred to this court.  On December 10, 2012, a text order was entered which granted Plaintiff's Petition to

---

[1] Plaintiff has stated his name in this court as "Markus" Crawford.  However, his name is spelled "Marcus" Crawford in the records of the Illinois Department of Corrections (IDOC). The IDOC records show that he is inmate number N30639 and is serving a 20 year sentence for burglary at the Shawnee Correctional Center.  Plaintiff is in the Shawnee Correctional Center and has listed his IDOC number as N30639 on his filings with this court.  There can be no question that "Markus" Crawford is "Marcus" Crawford.

proceed in forma pauperis (#2). Plaintiff was therefore allowed to pay the $350.00 filing fee in installment payments as funds became available in his prison trust fund account. The case was scheduled for a merit review hearing on January 29, 2013. The merit review hearing was not held on that date because this court found Plaintiff's pro se Complaint to be illegible. This court allowed Plaintiff until March 29, 2013, to file an amended complaint with legible handwriting or by using a typewriter. Plaintiff was given an extension of time to amend his complaint and filed a pro se Amended Complaint (#12) on April 8, 2013. Plaintiff included a typewritten list of his prior lawsuits and listed five prior cases filed in the Central District of Illinois. The case was set for a merit review hearing on September 5, 2013.

## ANALYSIS

On September 5, 2013, a merit review hearing was held before this court. Plaintiff appeared by telephone and thoroughly discussed the claims raised in his Amended Complaint. Plaintiff stated that he had trouble with sending legal mail at Danville Correctional Center during the months of January and February 2012. Plaintiff also stated that Dr. Tweedy made unfounded allegations against him which led to his transfer to Shawnee. Plaintiff also alleged that Defendant Williaman transferred him to disciplinary segregation in retaliation for his filing of grievances. After listening to Plaintiff's explanation of his claims, this court stated that his case could proceed. This court informed Plaintiff, however, that the court would check on his three strikes status.

Following the merit review hearing, this court discovered that Plaintiff has no strikes listed in the Central District of Illinois. However, a search on Westlaw for "Marcus"

Crawford and "Markus" Crawford showed that Plaintiff has filed numerous cases in the Southern District of Illinois. In the most recent decision listed, *Crawford v. Kalaher*, 2013 WL 2898272 (S.D. Ill. 2013), United States District Judge J. Phil Gilbert stated that Plaintiff has earned a total of seven strikes in the Southern District. *Crawford*, 2013 WL 2898272, at *1 n.3. Judge Gilbert also discussed Plaintiff's use of the name "Markus" Crawford and stated that his name in the IDOC records is "Marcus" Crawford. *Crawford*, 2013 WL 2898272, at *1 n.1. In addition, Judge Gilbert discussed Plaintiff's failure to mention the fact that he had accumulated more than three strikes and had "struck out" due to his numerous cases that have been dismissed for failure to state a claim. Judge Gilbert stated that this failure came dangerously close to a fraud upon the court. *Crawford*, 2013 WL 2898272, at *2. Judge Gilbert stated:

> The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the court.

*Crawford*, 2013 WL 2898272, at *2, *citing Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). Judge Gilbert stated that "Plaintiff is WARNED that if he seeks to file any future action in this Court that fails to notify the Court of his three-strike status and litigation history, that action shall be subject to immediate dismissal." *Crawford*, 2012 WL 2898272,

at *2.  Judge Gilbert also denied Plaintiff's motion to proceed in forma pauperis, because he had more than three strikes, and stated that the case would be dismissed if Plaintiff did not pay the full filing fee.  *Crawford*, 2013 WL 2898272, at *3.

Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Therefore, a prisoner with three strikes cannot sue in forma pauperis, which would excuse him from having to pay the filing fee up front rather than in installments, unless he can show that he is "under imminent danger of serious physical injury."  *See Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 397 (2011), *quoting* 28 U.S.C. § 1915(g).  This exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

This court has learned, following the merit review hearing, that Plaintiff has more than three strikes in the Southern District of Illinois.  This court has therefore also learned that Plaintiff seriously misrepresented his litigation history in his Amended Complaint (#12).  Moreover, it is clear that none of Plaintiff's allegations in this case involve the "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Therefore, this court concludes that it erroneously allowed Plaintiff to proceed in forma pauperis in this case.  Plaintiff's request

to proceed in forma pauperis is now DENIED. Plaintiff cannot proceed in this case unless he pays the full filing fee of $350.00.

IT IS THEREFORE ORDERED THAT:

(1) This court has determined that Plaintiff has earned more than three strikes. This court also finds that Plaintiff was not in imminent danger at the time he filed his Amended Complaint. Therefore, Plaintiff cannot proceed in forma pauperis by paying the filing fee in installments and the full $350.00 filing fee is due immediately.

(2) If Plaintiff fails to comply with this Order and pay the filing fee by October 4, 2013, this case will be dismissed. Further, an order shall enter requiring the prison trust fund officer to deduct payments from Plaintiff's prison account according to the guidelines of 28 U.S.C. § 1915(b)(1) until the filing fee is paid in full. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

(3) Plaintiff is WARNED that if he seeks to file any future action in this court that fails to notify the court of his three-strikes status and litigation history, that action shall be subject to immediate dismissal and sanctions will be warranted.

ENTERED this 6th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE