UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARCUS CRAWFORD,[1] ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12-CV-1407 |
| ) | |
| ASSISTANT WARDEN WILLIAMAN and ) | |
| DR. TWEEDY, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

On September 6, 2013, this court entered an Opinion (#16) in this case. This court stated that it had learned, following a merit review hearing held on September 5, 2013, that Plaintiff, Marcus Crawford, has accumulated seven strikes in the Southern District of Illinois. This court stated that it also learned that Plaintiff seriously misrepresented his litigation history in his Amended Complaint (#12). This court therefore concluded that Plaintiff could not proceed in forma pauperis in this case and the full filing fee of $350.00 was due immediately. This court stated that, if the full filing fee was not paid by October 4, 2013, this case would be terminated.

Plaintiff has not paid the filing fee. Instead, on September 20, 2013, Plaintiff filed a Response (#18) to this court's Opinion. Plaintiff stated that he did not include the three strikes because this case was filed before he accumulated the three strikes. Plaintiff stated

---

[1] Plaintiff has stated his name in this court as "Markus" Crawford. However, his name is spelled "Marcus" Crawford in the records of the Illinois Department of Corrections (IDOC). The IDOC records show that he is inmate number N30639 and is serving a 20 year sentence for burglary at the Shawnee Correctional Center. Plaintiff is in the Shawnee Correctional Center and has listed his IDOC number as N30639 on his filings with this court. There can be no question that "Markus" Crawford is "Marcus" Crawford.

that he amended his Complaint only to make it legible and did not change anything with the Amended Complaint. Plaintiff also stated that he is indigent and cannot pay the filing fee. After careful consideration, this court concludes that this case must be dismissed.

## BACKGROUND

On October 9, 2012, Plaintiff, filed a pro se Complaint (#1) in the Central District of Illinois, Peoria Division. Because his claims stemmed from incidents alleged to have occurred at the Danville Correctional Center, the case was transferred to this court. On December 7, 2012, a text order was entered which granted Plaintiff's Petition to proceed in forma pauperis (#2). Plaintiff was therefore allowed to pay the $350.00 filing fee in installment payments as funds became available in his prison trust fund account. The case was scheduled for a merit review hearing on January 29, 2013. The merit review hearing was not held on that date because this court found Plaintiff's pro se Complaint to be illegible. This court allowed Plaintiff until March 29, 2013, to file an amended complaint with legible handwriting or by using a typewriter. Plaintiff was given an extension of time to amend his complaint and filed a pro se Amended Complaint (#12) on April 8, 2013. Plaintiff included a typewritten list of his prior lawsuits and listed four prior cases filed in the Central District of Illinois. The case was set for a merit review hearing on September 5, 2013.

On September 5, 2013, a merit review hearing was held before this court. Plaintiff appeared by telephone and thoroughly discussed the claims raised in his Amended Complaint. After listening to Plaintiff's explanation of his claims, this court stated that his case could proceed. This court informed Plaintiff, however, that the court would check on

his three strikes status.

Following the merit review hearing, this court discovered that Plaintiff has no strikes listed in the Central District of Illinois. However, a search on Westlaw for "Marcus" Crawford and "Markus" Crawford showed that Plaintiff has filed numerous cases in the Southern District of Illinois. In *Crawford v. Kalaher*, 2013 WL 2898272 (S.D. Ill. 2013), decided June 13, 2013, United States District Judge J. Phil Gilbert stated that Plaintiff has earned a total of seven strikes in the Southern District. *Crawford*, 2013 WL 2898272, at *1 n.3. Plaintiff received his first strike on March 7, 2005, his second on November 19, 2012, and his third on November 21, 2012. *Crawford*, 2012 WL 2898272, at *1. Plaintiff accumulated additional strikes on November 26, 2012, December 3, 2012, December 10, 2012, and January 23, 2013. *Crawford,* 2013 WL 2898272, at *1 n.3.

This court therefore entered an Opinion (#16). This court stated that it had learned, following the merit review hearing, that Plaintiff has more than three strikes in the Southern District of Illinois. This court stated that it had therefore also learned that Plaintiff seriously misrepresented his litigation history in his Amended Complaint (#12). This court further stated that it was clear that none of Plaintiff's allegations in this case involve the "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Therefore, this court concluded that it erroneously allowed Plaintiff to proceed in forma pauperis in this case. This court stated that Plaintiff's request to proceed in forma pauperis was now denied and Plaintiff could not proceed in this case unless he paid the full filing fee of $350.00.

Plaintiff filed a Response (#18) on September 20, 2013. Plaintiff stated that he did

not include the three strikes in his Amended Complaint because he filed this case before he had the three strikes. Plaintiff stated that his Amended Complaint did not change his original Complaint but only made it more legible. Plaintiff also stated that he is indigent and cannot pay the filing fee.

## ANALYSIS

Plaintiff had only accumulated one strike at the time his original Complaint (#1) was filed on October 9, 2012. However, by the time he filed his Amended Complaint (#12) on April 8, 2013, he had accumulated a whopping seven strikes in the Southern District of Illinois. In his original Complaint (#1), Plaintiff included a section for litigation history but did not list any Southern District cases, even though he had been assessed a strike on March 7, 2005. In his Amended Complaint (#12), Plaintiff again included a list of prior cases dating back to 2002 but did not include any of his Southern District cases.

This case presents an interesting question because Plaintiff did not have three strikes when he filed his original Complaint but had well over three strikes by the time his Amended Complaint was filed. However, Plaintiff clearly failed to provide this court with accurate information in both his original Complaint and Amended Complaint. He intentionally omitted any reference to any of the cases he filed in the Southern District, which were the cases which resulted in strikes against him.

"A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008), *citing Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999). When a party fails to

provide accurate litigation history, the court may appropriately dismiss the action for providing fraudulent information to the court. *Crawford*, 2013 WL 2898272, at *2, *citing Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).

Plaintiff included the following affidavit, signed on March 18, 2013, with his Amended Complaint:

> I, Markus Crawford, affiant, do hereby declare and affirm under penalty of perjury as defined in 28 USC 1746 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

In his affidavit, Plaintiff affirmed that his list of prior lawsuits was "true and accurate." In his Response (#18), Plaintiff seems to be saying that he did not need to include his three strikes because they occurred after he filed this case. That is not true, however, because he did have one strike from 2005. In any case, Plaintiff was required to accurately state his litigation history in both his original Complaint and his Amended Complaint. *See Hoskins*, 633 F.3d at 543. Plaintiff knew he had three strikes and intentionally did not include them in the list of prior lawsuits he filed with his Amended Complaint. This court concludes that

his omission was material and intentional. *See Hoskins*, 633 F.3d at 543. This court therefore concludes that dismissal of this case is warranted. *See Hoskins*, 633 F.3d at 543-44.

This court notes that the Seventh Circuit recently dismissed an appeal filed by Plaintiff in October 2012, the same month that Plaintiff's original Complaint was filed in this case. The Seventh Circuit stated:

> On November 26, 2012, the district court in another of Crawford's cases dismissed his complaint and explicitly issued his third strike pursuant to 18 U.S.C. § 1915(g). *See Crawford v. Quigley*, No. 12-cv-1135 (S.D. Ill. Nov. 26, 2012). On the same day, the district court dismissed another of Crawford's complaints and issued another strike. *See Crawford v. Casteel*, No. 12-cv-1094 (S.D. Ill. Nov. 26, 2012). In January 2013 Crawford moved to proceed in forma pauperis on appeal in this court, but did not inform the court that he had incurred three strikes. Because Crawford has "struck out" under § 1915(g), the grant of leave to appeal in forma pauperis is **REVOKED**. *See Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). Crawford shall pay the required docketing fee within 14 days, or his appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff did not pay the full $350.00 filing fee, as ordered, and this court has concluded that dismissal of this case is warranted because Plaintiff intentionally omitted material information from his list of his prior lawsuits.  However, because this court did not warn Plaintiff of the consequences of failing to provide accurate litigation information prior to the filing of his Amended Complaint, this dismissal will be without prejudice, and Plaintiff may proceed with this case if he pays the filing fee in full.

(2) Even though Plaintiff's request to proceed in forma pauperis has been denied and this case has been dismissed, Plaintiff is liable for the filing fee.  *See Hoskins*, 633 F.3d at 544.  Plaintiff shall pay the filing fee for this action as follows.  The agency having custody of Plaintiff is directed to remit the $350.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee is paid in full.  The agency shall forward these payments from Plaintiff's trust fund account to the clerk of this court each time Plaintiff's account exceeds $10.00, until the filing fee is paid.

(3) Plaintiff is again WARNED that if he seeks to file any future action in this court that fails to notify the court of his three-strikes status and litigation history, that action shall be subject to immediate dismissal.

(4) This case is terminated.

ENTERED this 17th day of October, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE